Andrew Edward Smith, Council for the College, Kamal Zeeb, Gary Valentine Webber, Council for Athletics, Daniel Farrar. Good morning, Your Honor. Counsel, give your opponent time to, well, you may introduce yourself if you wish. Good morning, Your Honor. May it please the Court, Jeffrey Webber from Briggs and Alexander. Please be seated. Now that he's... Good morning again, Your Honor. If it please the Court, on the subject of a waiver of our collateral, a stop argument because Appelli says we didn't read it as an affirmative defense. I'm not sure if he says we didn't raise it in the lower court. Counsel, Counsel, Counsel, introduce yourself. Tell us who you are. Tell us who you represent. I did. Andrew Smith Moore, the appellant. Thank you very much. Do you wish to reserve some time for rebuttal? Okay. Now, on the waiver question, Appelli cited Harbison versus Park Davis, 7-4-6-F-2nd. By the way, I reserved six minutes. I'm forgetting everything now. And while it does support his position, they stated in that case, quote, we liberally treated an attempt to raise the defense as if it were a motion for leave to file a supplemental answer. The defense being the collateral estoppel offense. That case also went on to discuss another case where the issue was, was it raised in the district court? And saying, well, if it was raised, we can hear it. The gist of the requirement is, of course, that we don't ambush or, you know, it's to give notice to the appellee. Well, I think in this case, that's been the whole ballgame, so to speak. The complaint where I wasn't the lawyer at the time of the complaint, that's it's based completely on as creditors often do. Well, the lower court, they found this and please rubber stamp it. And it's completely right. And they can't say race judicato, of course, because it's discharge abilities, not an issue in state court. So it's collateral. It's always comes up as collateral estoppel. But creditors always say, well, that's that's the whole ballgame. We win. And that's what they did. And they won a summary judgment. Then it came up to the BAP. And the BAP stated, Your Honors, I don't know if it was the same panel, but did seem to say that the only issue was kind of the state court's judgment. When the BAP previously stated the only issue was can is the appellant. That was us. Mr. Z precluded from really litigating a willfulness, et cetera, under 523 86. And but then the decision seemed to be, well, the standards are different. There is a higher standard, I think, in this court. So it was sent back at that time. I tried to bring it up in front of Judge Bauer and I mentioned it and she said, well, I'm going to just do what the appellate court told me to do on remand. I'm going to decide this one issue. And then I said, well, I want I'm preserving it. I wanted to bring it up. So also in that court, both the last one we're now in front of Your Honors about is both the trial court and appellee used, still kept using the lower court judgment. Judge Bauer said, well, I'm not going to revisit the amount about the amount that's been decided by the trial court. And I don't think the appellee they just went with that. I don't think they put in actually put in evidence of damages. They they had the number and I don't think they put in billions or even said it. So hopefully this court will consider my collateral estoppel argument. And I have another sort of backup argument where collateral estoppel is kind of used, but it's not as an affirmative defense. It's a failure of proof because of the way they relied on it. The judge. And it was quoted in the find in the statement of decision. And it was not sure what it was definitely in the statement of decision by Judge Bauer that quoting the trial judge, who explicitly found there was no tort damages when they went back to get the trial judge really find that. The trial judge really, you say explicitly found that this was a jury trial, not a bench trial, correct? And so the trial judge is dealing with a form that is populated pursuant to the jury instructions, correct? There was the jury instructions and the interrogatories and, you know, in state court, probably in all courts, the judge is called the 13th juror. And that was and the judge had the the judge had the findings and had the findings by the jury. And the judge explicitly said he didn't say, well, because the jury did an election for contract and we can't give punitive under contract. The judge didn't say that. Judge said there's the evidence for tort damages is not here. And, of course, your honor's no under 523 a six. They have to prove where did the judge say that? Where where in the record is that statement from the state court judge? Well, it's quoted in the it's quoted. And I know he made statements regarding punitive damages and in particular the failure, I think, to put in the necessary. Well, I have it in the excerpts of record page 13 at the bottom. And although, of course, this is the judge talking about a ruling on. Punitive. The judge states, quote, plaintiff must prove compensatory tort damages to support. Or damages. And that was in a ruling of a ruling, of course, when they were asking to have punitives. It's interesting. Punitives have the same sort of underlying. Ben's real as non-dischargeable judgments in this court, and that is that, you know, willful, bad intent, et cetera. And the judge didn't find that. But the judge. There's another place where they actually said there was no evidence that was a judge. I'm not sure I could find it. The others. Hopefully this court doesn't believe. Hopefully it doesn't say I waive the argument because I did try and bring it up in the underlying court. But there's another way this argument, I think. It's not an affirmative defense. It's a failure of proof by a Pele in that in front of Judge Bauer. Judge Bauer first says the numbers were not going to relitigate it. That's what the state court said. So that judge was using collateral estoppel. And then Mr. Farrar and his lawyer, I don't believe they didn't put on invoices, things like that. I don't think he even set an amount. He was going with the ruling. Well, if he's using for one of his essential elements, he was still doing a finding of the state court and you import the number. I think you can't parse out what the judge said about that number and ruled. And that ruling was. This is not. Not only is not punitive, it's not a tort damages and there's no evidence. And I know the judge used the word evidence. But the fact same plaintiff must prove is the judge saying plaintiff did not prove when the whole. As I say, debtors, I mean, creditors, lawyers always are using collateral stuff. We they did. And I know in my brief I didn't explicitly say some of this, but I did say. They were using it throughout to get their summary judgment on a rubber stamp. Well, we want the same thing. Rubber stamp it. Take it in lock, stock and barrel. And how does how does that reconcile, though? Your largest problem seems to be that, as Judge Taylor was indicating on this form jury verdict, you go through the elements of which item four on the conversion was. Was Samuel Farrell Farrell harmed to which they answer yes on conversion. So there is harm, which seems to be the element which you might put as for damages. But that's later addressed. Two questions down. What are Samuel Farrell's damages? Total damages? Zero. So you are saying you must take zero damages and therefore you win because there's zero damages. But how do you reconcile that they were harmed and there's no damages? Well, every time a plaintiff wins in a civil case, they win because somebody, you know, they were harmed. They may have been. But no. How is harm if you're not damaged? Well, the harm could be they were given an election to pick tort or contract so they can be harmed. Who was given that election because it appears that the jury, the jury, the jury was the jury were told they could pick either one. But they were also told they could only pick one. The damages may be so, but the one they picked was caught. But I want to answer the court's question, Your Honor's question, in that are you harmed? Is that you're harmed either because, let's say, this guy breached his contract. You're harmed. Maybe that's their thinking, but that we're getting into. No, they answered the question of harm as to conversion specifically. Was there harm on conversion? And the answer was yes. Well, then we're, yes, and that could be, but what's the amount of damages while they're under contract? But when we, when we, what Your Honor's doing and what Pelley did and what I've kind of argued against is parsing the minds of the jurors. And the minute you get to. Wasn't what Judge Bauer had to do? Well, yes, and he did. And he found no more damage. Not Judge Bauer. Well, no, Judge Bauer did not have to read the minds of the jurors. Judge Bauer seemed to conduct the trial de novo like a complete first glance trial about conversion. Isn't that what she has to do when there's a question? Pardon me? Isn't, sorry, isn't that what she has to do when there's a question? I mean, we send it back to her because unwillfulness and maliciousness, but to the extent she felt that she couldn't apply issue preclusion because the judgment was ambiguous, you have the burden on proving out that zero. She has to do a trial. Well, I'm not sure if Your Honor's right, and she gets to start from square one. And let's say she does. Then they can't, they have to put in all the elements. And the main, one of the main elements is damages. And it came to zero, and we can guess what the jurors thought or didn't think and take the instruction and say, well, they must have thought something else. I don't think you can do that. But don't we also have the judge, the state court judge, then also concluded when asked again that Mr. Farrow did prevail on the conversion claim. Again, giving further evidence that there was harm. But there was an election by the jury that we're going to award the damages under contract. And I'm keeping you over time. I apologize if you want to. Whatever reason found, there were zero damages. And maybe they're even mistaken. But once we start mind reading, I think things disappear. This whole collateral assault arguments disappear. And secondly, the judge, while he did find conversion, if you were going to talk about what people are thinking, what he explicitly found was you didn't, he says it, you didn't prove tort damages. Under 523A6, the Supreme Court case I cited, they must prove a tort. So that's a failure of proof on one element. I'll reserve my last three minutes, Your Honor. Thank you. Good morning. The panel, I would like to just address a few of the issues raised by the appellate's attorney previously. First, you would like to introduce yourself. Yes, of course. Jeffrey Weber on behalf of the appellee. May it please the Court. Thank you. As to the waiver on the collateral estoppel issue altogether, I'm not 100% sure that it can be applicable here. We're not claiming that we're entitled to damages based on the jury findings on the tort claim of conversion. It's the breach of contract claim that's accompanied by a tort that arises from the same facts. So it's the contract damages we're attempting here to. Well, isn't that a problem? I mean, unless you're going to, are you saying it's tortious breach, which you haven't said, which I don't think you get to say now. No, I'm not. Okay. I'm saying that the breach of contract damages are one and the same with the tort. Okay, that I get. And the idea that the collateral estoppel will be applicable has been waived. It wasn't raised in the answer at the bankruptcy court level, so it wouldn't be appropriate for this court to make a ruling on that as well. Also, the argument just previously made regarding the evidence of damages and the failure of proof, again, that was not raised in the brief. It's raised for the first time here in oral argument. Let me see if I understand counsel's argument. Counsel's argument is that we're talking, and I think it makes it simpler if we talk about issue preclusion as opposed to collateral estoppel, that certain issues where collateral is stopped are precluded from being raised again because they were decided by the jury. And many of those, all the elements of conversion, which would be a tort and could be a non-dischargeable tort, were proven except the issue of damages. And on the issue of damages, we didn't have a decision. We had a zero, which is sort of ambiguous because, as counsel indicated, or as my colleagues have indicated, the judge found the party who was asserting conversion was the prevailing party. There is a very good argument that the damages, it was just an election of remedies, something that the jury had done as opposed to signing. It was a zero damage thing. But wouldn't the appropriate thing for the judge to do under those circumstances to say, as to that issue, that one issue, that one issue of damages, we're not going to do issue preclusion. We're going to have to prove those damages at trial because it's ambiguous. It's not, it would be a violation of public policy, given the fact that there was a zero put in the jury verdict. And I would state to the court that that's what we did at the bankruptcy trial. So that's what you've done? Yes. Or did you rely on the damages from the contract claim? We relied on the that. Did you prove up damages again, or did you just rely on issue preclusion as for the, and bring it over from the other cause of action, the contract issue? Well, as a result of the facts and circumstances being the same for both the breach of contract and the conversion claim, the damages from the breach of contract were applicable to the conversion claim because it all arose from the same actions. So what you proved was that the two theories of recovery were the same, and having proved that, you then said, see, these are the damages. Yes, Your Honor. And the amended state court judgment identifies an election of the remedies, which would indicate the same thing. So did you either prove it, or did Judge Bauer infer it or make a finding of that? Based upon the state court judgment. We did not put in evidence of invoices to prove it. So I wouldn't say that it was inferred. We had testimony from the witness, I believe, on how much money was taken, and that was the only evidence on damages that was presented. And it appears that Judge Bauer relied on that testimony from the appellee. But then she makes the finding in her statement that to reconcile it, that the zero for the conversion was to avoid the duplication. Which I believe is accurate. The double recovery jury instruction is extremely confusing for jurors, and I think that's what ultimately led to this entire case is the election of remedy. Is that a standard jury instruction? It is. One of my colleagues has actually petitioned to have that instruction changed. I will say I've had this case, and it's troubling me. And as we've already discussed, Mr. Farrell was identified as the prevailing party in the amended judgment on the conversion claims, as well as the jury instructions identified the harm that he did suffer as a result of the conduct of Mr. Zeeb, which would support a willful and malicious finding. Any other questions from the panel? No. Thank you. Well, Your Honor, of course I like the issue that Judge Kurtz brought up in the first question. I thought you might. I mean, isn't that your better argument? Your better argument is not that the judge can't use issue preclusion. She can use issue preclusion on all the issues that the jury determined. Since they didn't determine the amount of damages, apparently, arguably, then she was precluded from using that issue and had to go back and try the case on issue of damages. I think that's a clearer way to say it than I did. Well, it is, but it's also not what you've argued, because you've been arguing that issue preclusion should go your way. I mean, you haven't said let's have a trial, have you? You've said a trial is inappropriate. She's bound by the zero. Well, issue preclusion, what I'm saying is that last discussion, maybe it's not even issue preclusion. It might be failure of proof in that if you're going to rely for one of your elements, the state court, and you import the judge's finding about the number, maybe you've imported the judge's finding about that it was not a tort damage. There was no evidence. I don't think you can divide it and say I'll keep the part I like. And just to respond to counsel, I think failure of proof is always in front of the court. And we did mention it as an issue. I did do some argument on the facts, but, I mean, we're not saying that if we had no other issue we'd win on substantial evidence. I think with the facts show it could have been a contract or a tort in that everything my client did, he was allowed to write cash checks, he was allowed to move things downtown. It wasn't like he took the whole stuff and put it in his warehouse and sold it on eBay. But the point is the court always has to, we did mention it as an issue, the court always has to determine whether they made all their elements in the underlying case. I think the fact that the playing field we always argued about is this whole preclusiveness and validity and how you will use the state court judgment. And because we've done that, I think there's some judicial estoppel that they really relied on the state court at first, and now they're kind of wanting not to. Counsel, can I interrupt you? You've got 48 seconds. Give me your best argument that the contract damages were not the same as the tort damages. Is there any reason to believe that? Yes, because, well, kind of what I said, while substantial evidence supports the verdict, if they come back contract, there is substantial evidence that, and the jury could have heard it, that my client was allowed when the other partner was in Syria, he was allowed to get cash. He was allowed to sign checks. He was allowed to use bank accounts. He was allowed to move the stuff from the warehouse wholesale to the downtown retail one. And even the deal about opening a business, oh, you open your own business, they advertised that business jointly on their own website. And lastly, they were so not wanting to care about damages, he never said the amount. He said, oh, I just saw, I know what my stuff is. He said half of it's there. Well, half was another store. So it doesn't even sound like the stuff went out of the purview, let's say, of the businesses they were running. So a jury could very well have thought, this guy has breached promises. He didn't do what he said, but he didn't outright steal it. There's at least enough of an argument there that jurors could think that. They were given the choice, and they picked contract. I don't know one last thing. Maybe it doesn't help or harm, but appellee was also given, somehow given a choice. I thought they were given a choice, and they picked contract, too. And, of course, then maybe my client wouldn't appeal if it's contract. But, okay, is my time up? Yes, it is. Your time is up and over. Thank you very much. The matter has been submitted. Please call the next case.
judges: Kurtz, Taylor, Spraker